# Certification of Peace Corps Response Volunteers for Noncompetitive Eligibility for Federal Employment Under Executive Order 11103

Under Executive Order 11103, which describes a "full term of service" as "approximately two years" for purposes of noncompetitive eligibility for federal employment, the Director of the Peace Corps may not issue certificates of satisfactory service to volunteers in the Peace Corps Response program ("PCRVs") who serve between three and twelve months.

The Director may not issue certificates of satisfactory service to PCRVs under the exception in Executive Order 11103 for those who do not complete a full term "due to circumstances beyond their control."

January 9, 2013

MEMORANDUM OPINION FOR THE GENERAL COUNSEL
PEACE CORPS

In Executive Order 11103, the President authorized the Director of the Peace Corps ("Director") to issue certificates of satisfactory service to returning Peace Corps volunteers. These certificates provide volunteers with one year of noncompetitive eligibility for civil service appointments in the Executive Branch. *See* Exec. Order No. 11103, 3 C.F.R. 173 (1963 Supp.) ("Order"); 5 U.S.C. § 3301 (2006) ("The President may . . . prescribe . . . regulations for the admission of individuals into the civil service[.]"); *id.* § 3302 ("The President may prescribe rules governing the competitive service."). The Order provides that only those volunteers "who have completed a full term of service (approximately two years)" are eligible for these certificates, but also allows the Director to issue certificates to volunteers who complete "a lesser period of satisfactory service if, in the judgment of the Director . . . their service was of sufficient duration to demonstrate their capability to complete satisfactorily a full term, and . . . their failure to complete a full term was due to circumstances beyond their control." Order § 3.

You asked whether the Director may issue certificates of satisfactory service not only to traditional Peace Corps volunteers, who serve terms of approximately 27 months, but also to volunteers in the Peace Corps Response program, a program in which volunteers complete shorter terms,

1

typically between three and twelve months.[1] Specifically, you asked whether Peace Corps Response Volunteers ("PCRVs") complete the required "full term of service" under the Order by fulfilling a three-to-twelve-month service obligation, notwithstanding the parenthetical in the Order describing a "full term of service" as "approximately two years." *Id.* If not, you requested that we also consider whether the Director could issue certificates to PCRVs based on the Order's exception for those who do not complete a full term "due to circumstances beyond their control." *Id.* We conclude that, under the terms of the Executive Order, the Director may not issue certificates to PCRVs under either the full term of service requirement or the circumstances beyond their control exception.

## I.

The Peace Corps Response program began in 1996 as a short-term volunteer program for those who had previously served as traditional Peace Corps volunteers. Peace Corps Letter at 2. The Peace Corps has since opened the program to qualified individuals with no prior Peace Corps experience, but the other features of the program have remained the same. *Id.* PCRVs complete assignments that are more specialized than those given to traditional volunteers. Their assignments "can be as short as three months and generally do not exceed 12 months." *Id.* at 2. Aside from the shorter length of service and specialized work assignments, however, both the terms of PCRVs' service and the benefits they receive are comparable to those of traditional volunteers. The only benefit that traditional volunteers currently receive that PCRVs do not is the certificate of satisfactory service for noncompetitive eligibility issued by the Director under Executive Order 11103.

Executive Order 11103 states that "the head of any agency in the Executive Branch may appoint in the competitive service" (and, if the agency

---

[1] *See* Memorandum for Virginia Seitz, Assistant Attorney General, Office of Legal Counsel, from Bill Rubin, General Counsel, Peace Corps (June 19, 2012) ("Peace Corps Letter"). We also received the views of the Office of Personnel Management ("OPM") regarding the issues addressed in this opinion. *See* Memorandum for John E. Bies, Deputy Assistant Attorney General, Office of Legal Counsel, from Elaine Kaplan, General Counsel, Office of Personnel Management (Oct. 16, 2012) ("OPM Letter").

has "an established merit system in the excepted service," may appoint in the excepted service) "any person who is certified by the Director of the Peace Corps as having served satisfactorily as a Volunteer or Volunteer Leader under the Peace Corps Act" and who passes whatever examination is prescribed. Order §§ 1, 2. For "a period of one year after" certified volunteers complete their service (subject to extension under certain conditions), *id.* § 4, they are eligible to attain employment in the Executive Branch "outside of the competitive examining process," OPM Letter at 3. This certification provides recipient volunteers a "significant" advantage in the federal hiring process. *Id.*

Section 3 of the Order defines persons whom the Director may certify for a noncompetitive appointment:

> Certificates of satisfactory service for the purposes of this Order shall be issued only to persons who have completed a full term of service (approximately two years) under the Peace Corps Act: *Provided,* That such certificates may be issued to persons who have completed a lesser period of satisfactory service if, in the judgment of the Director of the Peace Corps, (1) their service was of sufficient duration to demonstrate their capability to complete satisfactorily a full term, and (2) their failure to complete a full term was due to circumstances beyond their control.

Order § 3.

## II.

The first issue is whether PCRVs qualify for a certificate of satisfactory service under the Order because they have completed "full term[s] of service under the Peace Corps Act" by virtue of completing their three-to-twelve-month assignments as PCRVs, even though PCRVs' terms are considerably shorter than the approximately 27-month terms served by traditional Peace Corps volunteers.[2] Based on both the text and the con-

---

[2] OPM concluded that PCRVs cannot receive certificates of satisfactory service based in part on its view that PCRVs are not "volunteers" as the term is used in the Order. OPM Letter at 2. You responded that the Peace Corps considers PCRVs "volunteers" under the Peace Corps Act and noted that "the Executive Order . . . [does not] distinguish[] between

text of Executive Order 11103, we conclude that the Peace Corps Response program's three-to-twelve-month term does not qualify as a "full term of service" as the Order uses that phrase.

To begin with, the text of the Order indicates that the President expected that volunteers receiving noncompetitive eligibility would have completed terms of service more substantial than the three-to-twelve-month assignments PCRVs typically receive. The parenthetical immediately following the full term of service requirement states that a full term runs "approximately two years." Order § 3. We recognize, as you suggest, that this language could be read as either prescriptive (requiring that a full term of service be approximately two years) or descriptive (noting that the average term of service for a volunteer at the time of the Order was approximately two years). *See* Peace Corps Letter at 2. But we do not think characterizing the parenthetical as descriptive changes the analysis. Even if the parenthetical simply describes President Kennedy's understanding of the length of a full term of service when he signed the Order, it nonetheless indicates that the President intended to confer noncompetitive eligibility on those Peace Corps volunteers who serve approximately two years (or who otherwise qualify through the circumstances beyond their control exception). In light of this parenthetical, it is unclear that the President would have extended noncompetitive eligibility to PCRVs had that short-term program existed in 1963. We believe that a "full term of service" under the Order is best read to mean approximately two years of service.

The context of the issuance of the Order provides considerable support for this interpretation. When President Kennedy signed the Order, he would have understood a full term of service to run approximately two years. Before the Peace Corps was established, a report prepared for the President described the proposed volunteer program as having a "usual length of service . . . [of] at least one year, preferably two, and perhaps in some cases three or more years." Sargent Shriver, *Report to the Presi-*

---

categories of Volunteers." E-mail for John E. Bies, Deputy Assistant Attorney General, Office of Legal Counsel, from Jan Miller, Peace Corps, *Re: Response to OPM opinion* (Nov. 26, 2012). Because our analysis does not turn on whether PCRVs are volunteers within the meaning of the Order, we need not resolve this definitional issue and assume for purposes of this opinion that PCRVs are "volunteers."

dent on the Peace Corps* at 10 (Feb. 22, 1961), http://www.jfklibrary.org (folder title "Peace Corps: Shriver report and recommendations, February 1961"; digital identifier JFKPOF-085-014-p0037). By the time the Peace Corps issued its first annual report in July 1962, the idea that volunteers would serve a two-year term had become reality. The report explains that when the Peace Corps was first established, "it was decided" that "[v]olunteers would serve for two years, without salary or draft exemption." *See Peace Corps: 1st Annual Report to Congress for the Fiscal Year Ended June 30, 1962* at 8 (July 1962), http://www.jfklibrary.org (folder title "Peace Corps: First annual report, July 1962"; digital identifier JFKPOF-086-003-p0009). Thus, a two-year term was standard by the time President Kennedy signed the Order in April 1963.

Background documentation about the Order itself also supports our conclusion that the President contemplated that a full term of service under the Order would be approximately two years. When the Director of the Bureau of the Budget[3] transmitted the proposed Order to the Attorney General for review in March 1963, he described the Order as "permit[ting] the Peace Corps to issue certificates of satisfactory service *only to persons who had completed a full term of 24 months of service*," unless the exception for circumstances beyond the volunteer's control applied. Letter for Robert F. Kennedy, Attorney General, from Arthur B. Focke, General Counsel, Bureau of the Budget at 2 (Mar. 12, 1963) (emphasis added). This reflects an understanding within the Kennedy Administration that noncompetitive eligibility depended on two years of service. We believe the Order is best interpreted in a manner consistent with its text and these indications of President Kennedy's understanding of the Order at the time he signed it, particularly in light of the President's authority to revise this executive order at any time. *See* Memorandum for Kenneth A. Lazarus, Associate Counsel to the President, from Antonin Scalia, Assistant Attorney General, Office of Legal Counsel, *Re: Applicability of 3 C.F.R. Part 100 to the President and Vice President* (Dec. 19, 1974) (interpreting an executive order in a manner consistent with public state-

---

[3] The Bureau of the Budget was the predecessor agency of the Office of Management and Budget. *See* Reorg. Plan No. 2 of 1970, 35 Fed. Reg. 7959, *reprinted in* 5 U.S.C. app. 640 (2006).

ments President Johnson made at the time of the Order); *cf. John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 139 (2008) ("*stare decisis* in respect to statutory interpretation has special force, for Congress remains free to alter what we have done" (internal quotation marks omitted)).

Finally, we note that this interpretation of the Order would make its service commitment similar to that required in other Executive Branch programs that confer noncompetitive eligibility (typically at least a year, if not more). *See, e.g.*, 5 C.F.R. § 315.607 (2012) (providing that Peace Corps personnel (not volunteers) may be eligible for a noncompetitive appointment if they complete "no less than 36 months of continuous service"); *id.* § 315.610 (2012) (providing that certain National Guard technicians may be eligible if they have served "at least 3 years as a technician"); Exec. Order No. 11219, § 1(c), 3 C.F.R. 127, 127 (1965 Supp.) (providing that present or former career officers or employees of the Foreign Service may be eligible upon completing "at least one year of continuous service"); 5 C.F.R. § 315.606 (2012) (same); *id.* § 315.609(b) (2012) (providing that career employees of the Panama Canal Commission may be eligible if they "served continuously for at least 1 year"); *id.* § 315.608 (2012) (providing that certain family members of federal employees officially assigned to an overseas area may be eligible after their sponsoring federal employees complete "52 weeks of creditable overseas service" (except in extraordinary circumstances)).

To be sure, the President has delegated to the Director broad authority to prescribe the "terms and conditions of the service of volunteers," *see* 22 U.S.C. § 2504(a) (2006); *see also* Exec. Order No. 12137, 3 C.F.R. 389 (1979 Comp.), and nothing in the Peace Corps Act or the Order would prevent the Director from changing the length of service for both traditional volunteers and PCRVs. Peace Corps Letter at 1. We do not think, however, that the Director's general authority to change the length of volunteers' service also includes the authority to modify a presidential understanding, conveyed by the Order, of the length of service that is necessary to earn noncompetitive eligibility.

For these reasons, we conclude that that the Order is best read to permit the Director to confer noncompetitive eligibility only on those volunteers who complete approximately two years of service or who satisfy the terms of the circumstances beyond their control exception.

## III.

You also asked us to consider whether the Director may certify PCRVs for noncompetitive eligibility based on the exception for volunteers who complete "a lesser period of satisfactory service," but who, "in the judgment of the Director of the Peace Corps," (1) have provided "service . . . of sufficient duration to demonstrate their capability to complete satisfactorily a full term," and (2) have failed to complete a full term "due to circumstances beyond their control." Order § 3.

In our view, this exception should not be read as a general rule that PCRVs who complete their entire assignments receive noncompetitive eligibility. The text of the language authorizes the Director to make exceptions in "circumstances beyond [the] control" of the volunteer, indicating that this authority is to be used on an individualized basis when unanticipated events require volunteers to truncate service otherwise expected to last "full terms" of approximately two years. That text does not fit the circumstances presented here. By agency design, a PCRV's service lasts between three and twelve months; and a PCRV's service does not terminate prematurely based on circumstances beyond his or her control. Moreover, certifying the entire class of PCRVs for noncompetitive eligibility under this exception would be inconsistent with agency practice. You have informed us that the Peace Corps has long implemented this exception on a case-by-case basis, for example, where a changed political climate makes a volunteer's assigned country unsafe, where a volunteer has been a victim of sexual assault, or where some similarly grave, unforeseen circumstance arises. This consistent practice comports with the best reading of this exception.[4] For these reasons, we conclude that the

---

[4] Under the Peace Corps' established practice, PCRVs also would not satisfy the exception's first requirement—that volunteers complete service of "sufficient duration to demonstrate their capability to complete . . . a full term" as the Order uses that phrase (i.e., approximately two years). Order § 3. Although nothing in the Order limits the Director's discretion to determine what constitutes service of "sufficient duration," you have informed us that the Peace Corps has long used one year of service—the upper limit of a Peace Corps Response term—as a benchmark to qualify for the exception. We understand that, until two years ago, the Peace Corps required volunteers to serve at least twelve months before they could be considered for a certificate under the exception. You explained that the Peace Corps will now consider volunteers with less than a year of

exception does not provide a basis for the Director to confer noncompetitive eligibility on PCRVs.

VIRGINIA A. SEITZ
*Assistant Attorney General*
*Office of Legal Counsel*

---

service in certain extraordinary circumstances, but that, as your guidelines note, "normally at least twelve consecutive months, including training," will be required to qualify. *See* MS 285 Volunteer Description of Service and Certificate of Group Health Coverage § 5.3 (Aug. 26, 2011), http://files.peacecorps.gov/manuals/manual/200_Volunteers/280-289_Volunteer_Transfers_Completions_of_Service_Termination/MS_285/Volunteer_Description_of_Service_and_Certificate_of_Group_Health_Coverage.pdf (last visited Sept. 11, 2014).